*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MARK ANTHONY ABBATOY,

Defendant-Appellant.

UNPUBLISHED
August 18, 2022

No. 357766
Berrien Circuit Court
LC No. 1997-403846-FC

Before: RICK, P.J., and BOONSTRA and O'BRIEN, JJ.

BOONSTRA, J. (*concurring*).

This case is "Exhibit A" in demonstrating why our Supreme Court's recent decision in *People v Boykin*, ___ Mich ___; ___ NW2d ___ (2022) (Docket Nos. 157738; 158695), is unworkable in the real world. *Boykin* obfuscates, rather than clarifies, the law, and fails to give clear direction either to trial courts or to this Court.

In *Boykin*, the Supreme Court held that "trial courts must consider a juvenile defendant's youth" and "must treat it as a mitigating factor" when sentencing a defendant in the circumstances before us. *Id*. at ___; slip op at 1, 10. In the next breath, however, the Court held that "trial courts need not articulate their bases for considering an offender's youth" and that there is "no basis for requiring trial courts to articulate on the record how a defendant's youth affected the [sentencing] decision." *Id*. at __, slip op at 4. The Court remanded the underlying cases[1] to the Court of Appeals for it to determine "whether the sentencing courts properly considered defendants' youth as a mitigating factor." *Id*. The Court did so despite the fact that the trial court in at least one of the two underlying cases clearly did consider the defendant's youth and articulated more on the record than even the Supreme Court's new *Boykin* standard requires. Yet, the Supreme Court—while ostensibly requiring no articulation by the trial court—opined that the trial court's statements

---

[1] There were two lower court cases that were consolidated for purposes of appeal: *People v Boykin*, unpublished per curiam opinion of the Court of Appeals, issued March 20, 2018 (Docket No. 335862), and *People v Tate*, unpublished per curiam opinion of the Court of Appeals, issued September 20, 2018 (Docket No. 338360).

-1-

"appear to only represent a small portion of the record established by the sentencing court" and that "whether these statements and the totality of the record established by the trial court comply with our requirement that a trial court consider youth to be a mitigating factor is a close question deserving of additional appellate review." *Id*. at ___; slip op at 12.

"Sentencing decisions are reviewed for an abuse of discretion." *Id*. at __, slip op at 6, citing *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). A trial court's sentencing decision is an abuse of discretion if it violates the principle of proportionality, which requires that the sentence imposed "be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Skinner*, 502 Mich 89, 131-132; 917 NW2d 292 (2018) (quotation marks and citation omitted). "An abuse-of-discretion standard recognizes that there may be more than one principled outcome and the trial court may not deviate from that principled range of outcomes." *Boykin*, __ Mich at __, slip op at 6, citing *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

Just days after *Boykin* was decided, we are now faced with the quandary that *Boykin* created. The trial court in this case clearly was aware of defendant's youth and provided its proportionality analysis as part of its sentencing determination. The trial court even provided some articulation on the record—more than even *Boykin* requires—of its consideration of defendant's youth as part of this analysis. On appeal, we are now tasked with assessing—under *Boykin*—whether the trial court abused its discretion by not properly considering defendant's youth as a mitigating factor in its proportionality analysis. And we are required to make that assessment based on the trial court's statements and the "totality of the record established by the trial court," *id*. at __, slip op at 12, even though—under *Boykin*—the trial court was not required to make *any* record on this issue.

The Supreme Court in *Boykin* stated that "[s]entencing juvenile defendants who were convicted of first-degree murder is an exceptionally daunting task for trial courts." *Id*. at __, slip op at 7. Now, post-*Boykin*, the task is even *more* "exceptionally daunting" *id*., as trial courts will be obliged to grapple with *Boykin*'s self-contradictory descriptions of what trial courts are—and are not—obliged to do.

And the task now before this Court is beyond "exceptionally daunting," *id*; it is indeed inherently impossible. Our review is for an abuse of discretion. *Id*. at __, slip op at 6. Our review also is—as it must be—based on the trial court record. *Id*. at __, slip op at 7. Yet the trial court was not required (and even today would not be required under *Boykin*) to articulate *anything* on the record about how its consideration of the defendant's youth affected its sentencing decision. *Id*. at __, slip op at 4, 12, 13. So, there simply is not—and cannot be—any way for us to determine whether the trial court abused its discretion—unless, perhaps, the trial court had sufficiently articulated that which *Boykin* explicitly does not require it to articulate (in which case there clearly would not be an abuse of discretion).

The abuse of discretion standard is, of course, highly deferential to the trial court. See, e.g., *Babcock*, 469 Mich at 269 ("At its core, an abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome. When the trial court selects one of these principled outcomes, the trial court has not abused its discretion and, thus, it is proper for the

reviewing court to defer to the trial court's judgment.") (citation omitted); *Skinner*, 502 Mich at 134-135, quoting *Gall v United States*, 552 US 38, 41; 128 S Ct 586; 135 L Ed 2d 392 (1996) ("[C]ourts of appeals must review all sentences . . . under a deferential abuse-of-discretion standard."). Given that there is such a high bar to finding an abuse of discretion, the correct answer—particularly where, as here, the trial court clearly took defendant's youth into consideration—may be for us to conclude that there is an insufficient basis in the record on which to find that the trial court abused its discretion. But the scenario before us in this case is precisely the scenario that was presented in *Boykin* with respect to the Tate defendant, and the *Boykin* Court still remanded to the Court of Appeals for reconsideration of its earlier conclusion that there was no abuse of discretion.

I note that the Supreme Court in *Boykin* said—in a footnote:

[N]othing in this opinion deprives trial courts of the discretion to articulate how an offender's youth or the Miller factors apply to that particular offender's sentence. Rather, articulating how the court considered the defendant's youth when fashioning an appropriate sentence enhances an appellate court's ability to review the proportionality of that sentence.

*Boykin*, ___ Mich at __ n 9, slip op at 12 n 9. In my judgment, this footnote may reflect the true objective of *Boykin*. That is, *Boykin* effectively will require trial courts to articulate on the record how the defendant's youth applies to a particular sentence, but without the Supreme Court having to find a basis—either in statute, in the United States or Michigan Constitutions, or in the caselaw—for requiring it to do so.[2]

In my judgment, *Boykin* serves only to muddy the proverbial waters. It will leave trial courts scratching their heads about how to conduct sentencing proceedings for juvenile defendants receiving term-of-years sentences. And it leaves this Court with an impossible standard for evaluating such sentences on appeal. If the Supreme Court wishes to extend *Miller*[3] to new settings, it should simply do so—openly and transparently. It should not do so vaguely and impliedly, telling trial courts one thing while simultaneously hinting that the opposite will be required in order for their sentences to be upheld on appeal.

Because this Court is bound by *Boykin*, I concur in the majority's decision to vacate defendant's sentence and to remand for resentencing—so that the trial court may endeavor to provide whatever as-yet-undetermined amount of articulation may prove to pass muster on appeal, even though *Boykin* ostensibly does not require it. I also concur in the balance of the majority's analysis.

/s/ Mark T. Boonstra

---

[2] Indeed, the Supreme Court expressly held that "[n]one of these sources of law expresses such a requirement." *Id*. at __, slip op at 10.

[3] *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012).